UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN HUBBARD 236376

    Plaintiff,                                         Civil Action No. 04-71444

v.                                                  District Judge John Corbett O'Meara
                                                          Magistrate Judge R. Steven Whalen

DR. A. FAGHIHNIA, M.D. et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Faghihnia's motion to dismiss and amended motion to dismiss under Fed.R.Civ.P. 12(b)(6) and 42 U.S.C. §1997e (docket numbers 11, 16), which have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend granting Defendant's motion, dismissing WITHOUT PREJUDICE.

**I. FACTUAL BACKGROUND**

Plaintiff, a prisoner within the Michigan Department of Corrections (MDOC), filed suit against Defendant Faghihnia on July 16, 2004. He alleges that Defendant, acting under color of State law, acted with deliberate indifference, violating his eighth and fourteenth amendments rights by withholding appropriate medical care, resulting in hospitalization for sickle cell anemia. *Complaint* at ¶¶ 4-7. Pursuant to 42 U.S.C. §1983, Plaintiff seeks equitable and monetary relief. *Id.* at 10.

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Pursuant to 42 U.S.C.A. § 1997e (a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

## III.  ANALYSIS

Defendant premises his motion for dismissal on Plaintiff's failure to state eighth and fourteenth amendment violations upon which relief can be granted and his failure to exhaust his administrative remedies.  Defendant contends that although Plaintiff completed all three steps of the administrative grievance procedure, as to some claims, his complaint contains claims not included in his grievances. *Amended Motion to Dismiss* at 2.  Specifically, Defendant points out that Plaintiff completed only the administrative grievances pertaining

to incidents which occurred between January 28 - January 30, 2003, but his complaint includes claims of constitutional violations occurring on February 6, 2003. *Id.* citing *Complaint* at ¶ 6.[1]

The inclusion of unexhausted claims mandates a dismissal of the entire complaint. *See Freeman v. Francis,* 196 F.3d 641, 643-44 (6th Cir. 1999). (A failure to exhaust requires the dismissal of the unexhausted claims, even if those claims are otherwise properly stated.) *Freeman v. Francis,* 196 F.3d 641, 643-44 (6th Cir. 1999).

Courts in this District applied §1997e(a) with varying degrees of stringency in the past. *Compare* Judge Roberts' decision in *Hackett v. CMS, et.al.* (No. 02-74462, 9-25-03)(total exhaustion as to all defendants not required),[2] with Judge Zatkoff's decision in *Thompson v. Overton* (No. 03-70234)(total exhaustion required). However, in April, 2005, the Sixth Circuit adopted a "bright line" total exhaustion rule requiring dismissal of a complaint where the plaintiff has demonstrated exhaustion with respect to some but not all of his/her claims. In *Jones-Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir. April 27, 2005) the court held:

> "We adopt the total exhaustion rule, in large part, because the plain language of the statute dictates such a result. Section 1997e(a) states that no 'action' shall be brought in federal court until administrative remedies have been exhausted. However, in subsection (c), the statute allows district courts to

---

[1] The complaint also alleges that Plaintiff "has been plagued by the ill-medical practices" of Defendant from January 28, 2003 through May 29, 2003. *Complaint* at 3.

[2] In rejecting total exhaustion in *Hackett*, Judge Roberts accepted the conclusions of my Report and Recommendation in that case.

>   dismiss frivolous "actions" *or* 'claims.' 42 U.S.C. § 1997e(c)(1) & (2). Congress's use of the word 'claims' in subsection (c)(2) indicates that 'claims' are individual allegations and 'actions' are entire lawsuits."

Hence, unless a prisoner demonstrates that he has exhausted his administrative remedies with respect to each of his claims, the court must dismiss the complaint.

In closing, this Court notes that in *Jones-Bey,* the court reasoned that its total exhaustion approach "creates comity between § 1983 claims and habeas corpus claims. The Supreme Court requires total exhaustion in habeas cases to allow state courts the first opportunity to solve prisoners' cases because they are arguably in a better position to analyze and solve the problems. . . . Because both bodies of law were created for similar reasons, their exhaustion rules should be interpreted in a similar manner." *Id*., 407 F.3d at 807 -808. In particular, *Jones-Bey,* cites *Rose v. Lundy*, 455 U.S. 509, 519, 102 S.Ct. 1198, 1199, 1204 (U.S. 1982) which mandated rejection of mixed habeas claims. In *Rose*, the Supreme Court found that such a rule would not prejudice petitioners' rights since the individual would nonetheless be left with a "choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* , 455 U.S. at 510, 102 S.Ct. at 1199. Likewise, Plaintiff in the present case has the choice of exhausting the claims pertaining to the period after January 30, 2003 and refiling his complaint, or moving this Court to amend his Complaint pursuant to Fed. R. Civ. P. 15(a), presenting only the exhausted claims.

Since Plaintiff's action must be dismissed for failure to exhaust his administrative remedies, the Court need not consider at this time Defendant's alternative argument that the

complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

I recommend, for the reasons stated above, that this case be DISMISSED WITHOUT PREJUDICE, pursuant to 42 U.S.C. §1997e.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

          s/R. Steven Whalen
          R. STEVEN WHALEN
          UNITED STATES MAGISTRATE JUDGE

Dated: July 12, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 12, 2005.

          s/G. Wilson
          Judicial Assistant